```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
ALEXANDER ARANOVSKY,                                        :    MEMORANDUM DECISION
                                                            :    AND ORDER
                            Plaintiff,                      :
                                                            :    19-cv-5520 (BMC)
            - against -                                     :
                                                            :
COMMISSIONER OF SOCIAL SECURITY,                            :
                                                            :
                            Defendant.                      :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff seeks review of the decision of the Commissioner of Social Security, following a hearing before an Administrative Law Judge, that he is not disabled as defined by the Social Security Act for the purpose of receiving disability insurance benefits. The ALJ found that plaintiff has severe impairments of obsessive-compulsive disorder, paranoid personality disorder, anxiety disorder, and panic attacks. However, the ALJ also found that plaintiff has sufficient residual functional capacity to perform a full range of work at all exertional levels with the following limitations: plaintiff must be limited to performing simple, routine tasks in a low-stress job requiring only occasional decision-making and judgment, only occasional changes in the work setting, only occasional interaction with coworkers and supervisors, and no interaction with the public.

In this review proceeding, plaintiff asserts two closely related points of error. The first is that the ALJ "made a faulty RFC analysis" and that a correct RFC analysis would require additional limitations on plaintiff's ability to work. The second is that because the vocational expert at the hearing testified to the availability of jobs based only on the limitations

hypothesized and later found by the ALJ, the vocational expert's testimony did not consider plaintiff's true limitations.

The phrasing of plaintiff's first point of error – that "the ALJ made a faulty RFC analysis" – raises the question of what standard of review plaintiff believes I should apply. "Faulty" is not a term used in the Social Security Act, and it suggests that plaintiff is asking for something more exacting than the deferential standard applicable to judicial review of administrative findings. But plaintiff's brief makes plain that he does recognize that the standard of review is whether there is "substantial evidence" to support the ALJ's conclusions.

Once distilled, plaintiff's argument is that although the ALJ professed to be giving "great weight" to the opinion of plaintiff's treating physician, Dr. Rajam Theventhiran, M.D., the ALJ in fact did not. Specifically, plaintiff claims that the ALJ did not consider Dr. Theventhiran's opinion that plaintiff would have moderate to marked limitations completing a workday without interruption due to his symptoms, performing at a consistent pace without unreasonably long or frequent rest periods, and responding appropriately to workplace changes.

The argument is without merit. The ALJ did not have to adopt *verbatim* the language of the limitations that Dr. Theventhiran considered "moderate to marked." The ALJ's adoption of specific conditions – limiting plaintiff to simple, routine tasks in a low-stress job that required only occasional decision-making and judgment, only occasional changes in the work setting, only occasional interaction with coworkers and supervisors, and no interaction with the public – plainly sought to implement the moderate to marked limitations that Dr. Theventhiran found. Stated otherwise, plaintiff would not be able to perform a "regular" job without those limitations, and because Dr. Theventhiran saw moderate to marked limitations on plaintiff's performing a "regular" job, the ALJ had to, and did, consider that plaintiff had to have a job that recognized

2

his limitations. There was nothing unreasonable in the ALJ's conclusion that the way to address plaintiff's problems in completing a workday without interruption, performing at a consistent pace, and adapting to workplace changes was to make sure that any job plaintiff had was routine and low stress, requiring only occasional decisions and changes in the workplace, and limited interaction with coworkers and none with the public. These conditions fully accommodated the limitations contained in Dr. Theventhiran's opinion. I therefore think the ALJ did, in fact, give "great weight" to Dr. Theventhiran's opinion.

This is particularly true since the ALJ gave only "some weight" to the consulting physicians' opinions. For example, the consulting psychologist, Dr. Dana Jackson, Psy.D., opined that plaintiff had no limitations in maintaining concentration, attention, or a regular schedule; that plaintiff could learn to perform complex tasks independently; and that plaintiff had only a slightly diminished ability to relate to others. Similarly, the State agency psychiatric consultant, Dr. M. Brandt, M.D., found that plaintiff was "anxious but otherwise with an intact [mental status evaluation]." He further noted: "Recent [mental status evaluation] at the [consulting examination] also show[ed] some restlessness but otherwise [was] essentially [within normal limits]. . . . [Plaintiff] can sustain att[ention] & conc[entration] & he can adapt in the work setting." If the ALJ had adopted either or both of these opinions, he would have found fewer or possibly no limitations on plaintiff's ability to work.

The second part of plaintiff's argument is that the ALJ did not consider his impairments in combination, as is required. The argument is also incorrect. The ALJ started his discussion by stating, "In terms of [plaintiff's] OCD, paranoid personality and anxiety disorders, and panic attacks . . . ." The ALJ then reviewed all of the evidence for these conditions. In doing that, the ALJ did not tie any particular symptom to plaintiff's impairments. In fact, the symptomology for

3

each of these conditions, as they specifically affect plaintiff, is sufficiently overlapping that I am not sure the ALJ could have considered them separately had he wanted to. It is noteworthy that in making this argument about failing to consider the combined impairments, plaintiff himself does not identify the impairments, perhaps because simply listing them together shows their symptomology is intertwined.

Plaintiff's second point of error regarding the inadequacy of the hypotheticals that the ALJ put to the vocational expert is entirely derivative of and dependent on the first. Having rejected the first, I reject the second point of error as well.

Plaintiff's motion for judgment on the pleadings [12] is denied, and the Commissioner's cross-motion for judgment on the pleadings [13] is granted.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
       February 27, 2021